IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **William Hodges,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:05-614-CWH |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| **Meadwestvaco Corp.,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 18, 2005, the plaintiff filed (1) a motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and (2) a motion for certification of this Court's order, denying the plaintiff's motion to remand, as a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. On August 2, 2005, the defendants opposed the motions. This matter is now before the Court for disposition.

This personal injury negligence action arises from an accident which took place on April 4, 2002, in Hampton, South Carolina, in which a train collided with the plaintiff's tractor-trailer. On January 24, 2005, the plaintiff filed this complaint in the Hampton County Court of Common Pleas. On February 25, 2005, defendant Meadwestvaco, with the consent of defendant CSX, timely removed the case to this Court, asserting that (1) the parties are diverse, (2) the amount in controversy exceeds $75,000.00, and (3) defendant Wayne Sease ("Sease") is a sham defendant. On March 25, 2005, the plaintiff filed a motion to remand. On June 16, 2005, this Court determined that the plaintiff could not maintain an action against Sease in state court and denied the plaintiff's motion to remand.

In its order, the Court found that there was no duty that the law of South Carolina would impose on Sease, as plant manager of defendant Meadwestvaco, to protect or warn the public of an alleged dangerous railroad crossing on defendant CSX's property. The Court also noted that any duty that Sease had by virtue of his position as manager of the wood yard was owed directly to his employer, Meadwestvaco, and not to the public at large. Accordingly, the Court denied the plaintiff's motion to remand as the plaintiff could not maintain a cause of action against Sease in state court.

**Interlocutory Appeal**

The plaintiff maintains that the Court's denial of his motion to remand constitutes a dismissal of the claims against Sease and seeks to immediately appeal this decision. The plaintiff asserts that an interlocutory appeal is appropriate in this case in order to preserve his right to challenge the Court's denial of remand. The plaintiff cites Able v. Upjohn, 829 F.2d 1330 (4th Cir. 1987) for this proposition, but the United State Supreme Court specifically rejected this waiver argument in Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 n. 11 (1996). The Supreme Court clearly stated that "by timely moving for remand, [the plaintiff] did all that was required to preserve his objection to removal." Caterpillar, 519 U.S. at 74.

Furthermore, the Court should only utilize the provisions of 28 U.S.C. § 1292(b) when it "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The legislative history of § 1292(b) "indicates that it was to be used only in extraordinary cases

where decision of an interlocutory appeal might avoid protracted and expensive litigation [and] not intended merely to provide review of difficult rulings in hard cases." Graves v. C & C Nat'l Bank of GA, 491 F. Supp. 280, 283 (D.S.C. 1980).

This is not such a case. The plaintiff has merely alleged similar negligence causes of action against the defendants and the Court has determined that Sease was fraudulently joined. This factual scenario certainly does not satisfy the high hurdle necessary to justify an interlocutory appeal.

### Rule 54(b) Certification

The plaintiff seeks certification as a final order pursuant to Rule 54(b). Rule 54(b) provides, in part, that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no reason for delay and upon an express direction for the entry of judgment." Rule 54(b) Fed. R. Civ. P. "The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). "The Rule also allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Id. "Rule 54(b) certification is recognized as the exception rather than the rule." Id.

In determining whether Rule 54(b) certification is appropriate, the Court must decide (1) if the judgment is final and (2) if there is no just reason for the delay in the entry of judgment. See id. First, the denial of remand in effect constitutes a dismissal of Sease from this action.

3

Second, in determining whether there is no just reason for delay, the Court considers several factors:

>    (1) the relationship between the adjudicated and unadjudicated claims;
>    (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>    (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>    (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and
>    (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 1336.

Reviewing these factors counsels against certification. First, the negligence claims in this action against the two corporate defendants are virtually identical to the claims against Sease, and so the Fourth Circuit might very well waste its time and resources hearing multiple appeals based upon the same facts and claims. Second, the delay associated with allowing the plaintiff to appeal this order weighs against certification. Third, the plaintiff's claim that Sease is a necessary party is unfounded as the corporate defendants certainly are capable of satisfying any judgment awarded. Fourth, there is no evidence that any litigant would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims. In short, this case is not an exceptional situation warranting the invocation of Rule 54(b) certification.

The Court therefore denies the plaintiff's motions.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 19, 2005
Charleston, South Carolina